

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 19, 1959

Honorable Robert S. Calvert          Opinion No. WW-738
Comptroller of Public Accounts
Capitol Station                       Re:  Whether the Hotel Occu-
Austin 11, Texas                           pancy Tax applies to
                                           officers and employees
                                           of the Federal Reserve
                                           Bank while travelling
                                           on official business of
Dear Sir:                                  the bank.

        In your letter dated September 17, 1959, you state:

        "I am in receipt of a letter from Mr. George
    F. Rudy, General Counsel, Federal Reserve Bank of
    Dallas, asking our opinion as to whether the Hotel
    Occupancy Tax applies to officers and employees of
    this Federal Reserve Bank while travelling on
    official business of the bank.  I am enclosing his
    letter herewith and will thank you to advise me in
    your opinion the correct answer to give Mr. Rudy."

        Articles 23.02 and 23.03, Chapter 23, H.B. 11, 3rd
C.S., 56th Leg., impose the Hotel Occupancy Tax upon occu-
pants of any space in a hotel, and provide that the hotel
shall collect such tax.

        As correctly pointed out by the letter referred to
in the above quotation, Section 7 of the Federal Reserve Act
(38 Stat. 258, 12 U.S.C.A., Section 531) exempts Federal
Reserve Banks from taxation in the following language:

        "Federal Reserve Banks, including the capital
    stock and surplus therein, and the income derived
    therefrom shall be exempt from Federal, State, and
    local taxation, except taxes upon real estate."

        Under the authority of this Section it appears
that when the Federal Reserve Bank contracts directly, or in
its name through an agent, for a space in a hotel, and pays
the hotel for such space from its funds, it would not be
liable for the tax imposed by Chapter 23 of House Bill 11.
See Attorney General's Opinion No. V-1492 (1952), and Kern-
Limerick v. Scurlock, 347 U.S. 110 (1954).  However, a

different result obtains where employees or officers of the Bank rent hotel rooms while travelling at the expense of the bank.

There are essentially two methods of reimbursing employees for the expenses of travelling. The first is the per diem method. This, in effect, compensates the employee on an "in lieu" basis, i.e., the employee does not receive reimbursement for actual expenses but instead receives a specified amount for each day that he is on the road. This amount is received by the employee regardless of how much is paid for the hotel space, or whether the employee even rents such space. Under this state of facts, it is apparent that the Federal Reserve Bank does not contract directly with the hotel for the occupancy of a space in the hotel; consequently, the tax is not imposed upon the Bank. The employee contracts with the hotel in his private capacity and is liable for the Hotel Occupancy Tax in such capacity.

The second method of compensating employees travelling at the expense of the Bank is by reimbursement of actual expenses. Here agains the Bank does not contract directly with the hotel. The employee contracts with the hotel in his private capacity; the consideration for occupancy of the hotel space is paid to the hotel by the employee likewise in his private capacity. The Federal Reserve Bank, by virtue of its employment agreement, contracts with the employee to reimburse him for actual expenses incurred; the Hotel Occupancy Tax is one of such expenses. The tax is an individual liability of the employee. It is not imposed upon the Bank; the fact that it is passed to the Bank does not make it an invalid imposition on the Bank.

Two cases furnish direct support for this conclusion. In the case of Alabama v. King and Boozer, 314 U.S. 1 (1941), King and Boozer sold lumber on the order of a contractor for use by the latter in constructing an army camp for the United States. The contractor sold the lumber to the United States pursuant to a "cost-plus-a-fixed-fee" agreement. The question was whether the Alabama sales tax, chargeable to the seller but required to be collected from the buyer, was unconstitutional as being a direct tax upon the United States. The government contended that under the peculiar facts concerned it was the purchaser and the tax was directly upon it. The Supreme Court held that the tax was the liability of the contractor, and the fact that it was passed directly to the government under the cost-plus contract did not invalidate it.

The case of Federal Reserve Bank of Chicago v. Department of Revenue of State, 339 Mich. 587, 64 N.W. 2d 639 (1954), involves the tax exemption quoted above and facts closely analogous to those in question in Alabama v. King and Boozer, supra. This case held that a retailer was not exempt from a retailer's gross receipts tax on proceeds from sales to the Federal Reserve Bank. The basis for the decision was that the legal incidence of the tax was on the retailer; the fact that the tax was passed to the Federal Reserve Bank did not make it a tax on the Bank. (The act levying the tax expressly permitted passage of the tax to the purchaser, and prohibited advertising to the effect that the tax was not included in the price of articles sold.) In reaching its decision, the Court stated (page 645):

> ". . . . The state sales tax statute operates on retailers in Michigan. They alone are obligated to pay the tax. The purchasers are under no such obligation except as they assume, by contract of purchase, to shoulder the economic burden. . . ."

As pointed out above, in the instant case the Hotel Occupancy Tax is a liability of the employee; only the economic burden thereof, which is assumed by the Bank through the employment contract with the employee, is borne by the Federal Reserve Bank.

(The foregoing opinion is limited to the facts assumed therein. The opinion request does not set forth the exact method by which the Federal Reserve Bank compensates its employees for travel expenses.)

SUMMARY

The Hotel Occupancy Tax applies to officers and employees of the Federal Reserve Bank while travelling on official business of the bank, where such officers and employees are compensated by the Bank for the cost of hotel occupancy either on the "per diem" basis or

by reimbursement of actual expenses
incurred.

Very truly yours,

WILL WILSON
Attorney General

By _____
        Jack N. Price
        Assistant

JNP:bct

APPROVED:

OPINION COMMITTEE:
Morgan Nesbitt, Chairman

Phocion Park
Jerry Roberts
Robert A. Rowland
Robert Shannon

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. Geppert